BREEN *v.* KEHOE.

1. EXECUTORS—DISQUALIFICATIONS—NONRESIDENCE.
    Under the statutes of this State a nonresident alien is not
    absolutely disqualified from serving as executor, but his non-
    residence is ground for the exercise of a discretion in the
    probate judge in the matters of appointing him or revoking
    his letters. Sections 9310, 9317, 3 Comp. Laws.

2. SAME—APPOINTMENT—OBEDIENCE TO WILL.
    The appointment of an executor must ordinarily be made in
    accordance with the will of the testator, unless he is ineli-
    gible, or a statutory discretion, express or implied, to refuse
    such appointment, is lodged with the court.

3. SAME—DISQUALIFICATIONS—INDEBTEDNESS TO TESTATOR.
    In the absence of statute, indebtedness to testator does not
    disqualify one to act as executor.

Error to Chippewa; Steere, J. Submitted October 18,
1905. (Docket No. 75.) Decided November 21, 1905.

Annie Breen petitioned for the probate of the last will
and testament of James Breen, deceased, and objected to
the appointment of John J. Kehoe and David Lynn as ex-
ecutors. There was an order allowing the will and appoint-
ing said parties executors, and petitioner appealed to the
circuit court. There was judgment sustaining the order
of the probate court on a verdict directed by the court, and
petitioner brings error. Affirmed.

*John W. Shine,* for appellant.
*Sharpe & Handy,* for appellee.

HOOKER, J. James Breen died on July 26, 1904, a
resident of Sault Ste. Marie, Mich., where he had lived
from 1902. Previous to that time he had lived in Ontario.
He left a large estate in both countries. A will made in
Ontario some years before his death named his widow,

Annie Breen, John J. Kehoe, his solicitor, and David Lynn, a friend, as executors. A codicil made shortly before his death made no change in this regard. Mrs. Breen petitioned for the probate of the will, and objected to the appointment of Kehoe and Lynn as executors, on the grounds, *first*, that they were nonresidents and aliens; *second*, that Kehoe was indebted to the estate. This indebtedness was amply secured by real-estate mortgage upon property in Ontario. The probate court confirmed the appointment of the three executors, and on appeal to the circuit this order was affirmed. Mrs. Breen has brought the case to this court by writ of error.

The cause was tried at circuit before a jury, and a verdict was directed. No question is raised over the propriety of the trial by jury. The deceased left a widow and several children surviving him, all of whom reside in Michigan. Lynn has filed his refusal to act as executor. The will contains a provision authorizing the acting executor to remove such other executors as reside abroad or become incapable to act. Annie Breen filed her bond as executor, letters testamentary were issued to her, and she is administering the estate, which administration is now nearly completed, and the estate in shape to be carried on by her as sole executrix.

Counsel seem to agree that the question in the case is whether it was within the authority and discretion of the probate judge to appoint two nonresident aliens, one of whom was indebted to the estate, to the office of executor. We will therefore consider no other question. 3 Comp. Laws, § 9310, provides:

" (9310) SECTION 1. When a will shall have been duly proved and allowed the probate court shall issue letters testamentary thereon, to the person named executor therein, if he is legally competent, and shall accept the trust, and give bond as required by law."

This section appears to leave no discretion in the probate judge. If the person named is legally competent, and will accept and give the bond, he must be appointed.

That a nonresident and even an alien might be named and appointed executor under the common law is clear. See *Appeal of Ann Smith*, 61 Conn. 420 (16 L. R. A. 539); 18 Cyc. p. 77, and cases cited in note 30; *McGregor* v. *McGregor*, 3 Abb. Dec. (N. Y.) 95; 1 Williams on Executors (7th Am. Ed.), p. 269; *Cutler* v. *Howard*, 9 Wis. 309; *Berry* v. *Hamilton*, 54 Am. Dec. 518, note (12 B. Mon. [Ky.] 191).

If a nonresident alien is not eligible in Michigan, it must be by reason of 3 Comp. Laws, § 9317, which provides that:

"(9317) SEC. 9. If an executor shall reside out of this State, or shall neglect, after due notice given by the judge of probate, to render his account and settle the estate according to law, or to perform any decree of the court, or shall abscond or become insane, or otherwise incapable or unsuitable to discharge the trust, the probate court may remove such executor."

If we construe the word "may" in this section in accordance with the common understanding of the word (see 1 Comp. Laws, § 50, subd. 1), it should be said that this section was designed merely to permit removal, not to compel it, and perhaps refusal to appoint one not a resident of the State. It is suggested, however, that the word has acquired a peculiar meaning, appropriate to the purpose of its use, and should be held to mean "shall." To give force to this claim, counsel cites cases where, under similar statutes in relation to administrators, it has been held that the courts may refuse to appoint a nonresident administrator in the first instance. Thus in Gary's Probate Law (3d Ed.), § 267, it is said that:

"Removal from the State being ground for revocation of letters of administration, it would seem that a nonresident, otherwise entitled, should not [not cannot] be appointed."

The authority cited in support of this statement is *Radford* v. *Radford*, 5 Dana (Ky.), 156. In that case a woman abandoned her husband and went to another State

·two years before his death, at which time, and when she applied for letters at his domicile, she still resided there. Under these circumstances, the county court refused to appoint her. What kind of a statute, if any, was in force, does not appear; but it is probable that there was a statute authorizing her rejection, in view of the discussion in the later case of *Berry* v. *Hamilton*, 54 Am. Dec. 517 (12 B. Mon. [Ky.] 191), which seems to recognize the general features of the common-law rule. We must therefore conclude that she was disqualified by the statute. For such a case, see *In re Ulhorn*, 12 Ohio Cir. Ct. R. 766. Also, *In re Sargent's Estate*, 62 Wis. 130.

Mr. Croswell, a text-writer, interprets our statute (section 9317) as follows:

" In Michigan and Vermont no provision of statute touches the point, except that if executors or administrators reside out of the State, they may be removed from office; from which it would seem that they are incompetent to be originally appointed." Croswell on Executors and Administrators, § 94.

Mr. Woerner is more guarded. He contents himself with saying (somewhat inaccurately, perhaps) that "in Maine, Michigan, and Ohio nonresident executors who fail to account and settle in the probate court when required, are to be removed." 1 Woerner on American Law of Administration, p. 505. In *Wiley* v. *Brainerd*, 11 Vt. 112, revocation of letters testamentary was refused. What the statute was does not appear, but the result would indicate that there was a statute, and the quotation from Gary indicates that it may have been a statute similar to ours. In any event, the case goes no further than to hold that her rejection was within the discretion of the county court, and we should perhaps be disposed to follow the case to that extent in the construction of our statute. It is entirely consistent with the interpretation of the word " may " in accordance with common understanding, and falls short of holding that such an appointment was prohibited. There are cases which hold

that where a statute provides that, "if an administrator moves out of the State, his letters *shall* be revoked," a nonresident *cannot* be appointed as an administrator, since such an appointment is forbidden by implication. See *Burkhim* v. *Pinkhussohn*, 58 S. C. 469.   It is so in Illinois, where the statute makes it the duty of the court to remove an administrator who has removed from the State.   See *Child* v. *Gratiot*, 41 Ill. 359.   In Pennsylvania the statute prohibits the appointment of a nonresident.   See *Sarkie's Appeal*, 2 Pa. 157, and *Frick's Appeal*, 114 Pa. 29.

The foregoing discussion of the authorities satisfies us that our statute was not intended to absolutely disqualify or prohibit the appointment of nonresidents to the office of executor, but to make the nonresidence ground for the exercise of a discretion both in appointment and revocation.  There is a wide difference between an administrator and an executor.   The latter's appointment must ordinarily be made in accordance with the will of the testator, unless he is ineligible, or a statutory discretion, express or by implication, to refuse it, is lodged with the court.   See note to *Berry* v. *Hamilton*, 54 Am. Dec. 518 (12 B. Mon. [Ky.] 191), and other cases hereinbefore cited.   For a case closely in point, see *Cutler* v. *Howard*, 9 Wis. 309.

It is said that Kehoe's indebtedness to the estate disqualifies him.   The authorities cited are in point upon this question.   When the statute has not intervened, indebtedness to the testator does not disqualify.   The exact point was decided in *Kidd* v. *Bates*, 120 Ala. 79 (41 L. R. A. 154).

The order of the circuit court is affirmed.

McAlvay, Grant, Blair, and Montgomery, JJ., concurred.