In re Estate of George Fred Marconnit.
Elizabeth Clarke, appellant, v. Fred P. Marconnit,
Executor, appellee.

Filed October 25, 1929. No. 26734.

*R. M. Switzler, Sterling F. Mutz* and *Edward C. Fisher,* for appellant.

*Benjamin S. Baker* and *Ralph P. Wilson, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Thompson, Eberly and Day, JJ.

Dean, J.

George Fred Marconnit died in Omaha, October 8, 1924, leaving him surviving his widow, Mary Marconnit, a daughter, Elizabeth Clarke, plaintiff herein, and a son,

Fred P. Marconnit, defendant herein, as his sole surviving next of kin. It is alleged by plaintiff that her father left an estate consisting of land and personal property approximating $250,000 in value. By the terms of a will the defendant and his mother were jointly appointed executor and executrix, respectively, of the Marconnit estate. September 7, 1926, the decedent's wife died, and the defendant became, and was thereafter, the sole executor. Some time thereafter Elizabeth Clarke made application for the removal of her brother as executor and prayed that some disinterested person be appointed to take his place, but the court denied her plea. Thereupon plaintiff appealed from the court's decision in the premises and likewise from the court's approval of the executor's final report.

The plaintiff alleges that defendant has wholly failed to account for large sums of money arising, in part, from the proceeds of the rental of certain valuable tracts of land of which the testator died seised, and that he failed to include in his report of the estate's assets certain notes and mortgages in a sum approximating $40,000 which were owned by her father.

The will by its terms provides that plaintiff shall inherit the homestead, of the approximate value of $4,000, and that, upon attaining the age of 45, she should receive the sum of $12,000 from her father's estate. When the suit was tried plaintiff was then past 45 years of age, but she alleged that she never received any part of the above named $12,000 bequest. The will also provides that the defendant, Fred P. Marconnit, shall inherit the real estate, but that it shall be subject to the payment to plaintiff of the $12,000 which was bequeathed by her father to her, and which, as above noted, was made a specific charge against the real estate. The will plainly and in specific terms provides: "For the purpose of carrying out the terms of this bequest I hereby give, bequeath and devise unto my said executors hereinafter named (the testator's widow and his son Fred) the said sum of twelve thousand ($12,000) dollars upon the terms and conditions stated in this item of

my will * * * my said executors hereinafter named shall hold said twelve thousand ($12,000) dollars and invest the same as above provided until my said daughter Lizzie Clarke reaches the age of forty five (45) years."

Some time in July, 1919, the senior Marconnit purported to convey certain farms located in Nemaha and Otoe counties to his son Fred. This was five years before his death. The will was written in 1909, and was ratified and confirmed in a codicil which was executed ten years thereafter, namely, in 1919, that being the same year in which the deeds were executed. The defendant, however, testified that he did not have the above named deeds recorded until the year after the death of his father, namely, in 1925, nor did he tell his sister about the deeds until several weeks after his father passed away. On this feature of the case the defendant testified:

"I had a feeling that as far as the record title was concerned I would rather leave it in my father as long as he lived. * * * The joint account of my father—that my father and I kept up, or that I kept up for my father—father had to have money to live on and I always kept in this joint account $3,000 or over subject to his drawing, so that whenever he wanted money or should want for money or need money that he could go and get it."

He also testified that he did not account to his father for rents or profits in any way but had absolute control of the farms.

Where an executor is personally interested in the administration of an estate and in the disposition of the property which is to be distributed under the terms of a will, and which is then presently in the course of litigation, and the circumstances disclose that the interests of the executor are clearly such as to prevent his performing the duties connected therewith in an impartial manner, such executor should be removed and another appointed in his stead.

Where an executor's personal interests conflict with or are antagonistic to his duties as executor, he is not a proper person to act as such, and on proper application should

be removed. On this feature of the present case see 2 Woerner, Law of Administration (3d ed.) 875; *Justice v. Wilkins,* 251 Ill. 13.

The rule is well stated in the case entitled *In re Estate of Mills,* 22 Or. 210, wherein the court made this observation:

"An administrator is a quasi trustee, and should be a person who is not interested adversely to the estate in property which is the subject of administration, and who will, while carefully guarding the interests of the estate, stand at least indifferent between it and claimants of the property."

Sufficient cause appears in the present case for the removal of the defendant as executor, and we hereby direct that he be removed and that some suitable person be appointed in his stead as administrator. It follows that the estate must be held *in statu quo* until another administrator is appointed and qualifies.

The judgment must be and it hereby is reversed and the cause remanded for further proceedings in conformity with the views herein expressed.

REVERSED.