IN RE ESTATE OF LYMAN M. BETTS.[1]

No. 28,657.

February 11, 1932.

[1]Reported in 240 N. W. 904, 243 N. W. 58.

628

*Willis Doherty,* for appellant.

*Stevens, Stevens & Maag* and *Austin I. Bergman,* for Agnes C. Betts, respondent.

HOLT, J.

Howard M. Betts, hereinafter designated appellant, appealed to the district court of Hennepin county from three orders of the probate court of that county. The district court ruled two of the orders nonappealable and dismissed the appeals. In the third appeal, from the order refusing to appoint appellant executor and appointing Marquette Trust Company administrator with the will annexed of the estate of the deceased, the district court affirmed the order of the probate court. Appellant moved for a new trial and appeals from the order denying the same.

The two appeals dismissed by the district court on the ground that the orders appealed from were nonappealable orders were (a) from an order vacating the widow's written assent to the will of deceased, and (b) from part of an order dated June 5, 1930, admitting the will nunc pro tunc as of June 13, 1929.

It is entirely clear that no appeal lies from the order vacating the widow's consent to the will. G. S. 1923 (2 Mason, 1927) § 8983; In re Estate of Hall, 155 Minn. 46, 192 N. W. 342. By § 8985 a party may appeal from part of an order by specifying in the notice of appeal "such part thereof as is appealed from." In the notice of appeal from order (b) the part appealed from is thus specified:

"without prejudice, however, to the widow's application to the court for leave to withdraw her consent to the provisions of the said will and to renounce the provisions thereof. It is further ordered that the hearing as to the appointment of a general representative of said estate be passed for the present and taken up when the question of the widow's right in and to said estate is determined by this court."

So far as quoted no rights were determined by that part of the order appealed from and must be held nonappealable. But the notice then continues:

"and from all of that part making the same nunc pro tunc as to matters from which this appeal is taken, and further for the said court refusing to admit said will to probate and record in the whole thereof and without reservations, and further, appeal from all that part of the said order, judgment, and decree which deny the petition that the said Howard M. Betts be appointed as executor," etc.

The appellant does not challenge the admission of the will to probate, but merely the postponement of the court's determination of the validity of the widow's assent thereto; so no final determination of rights or interests in the estate is involved in that part of the order appealed from. The only other clause of the order appealed from is admitting the will nunc pro tunc—as of the day the hearing was had, formal proof was made, and the will allowed, but, through some inadvertence, the order allowing the same was not signed or filed. We fail to see any appealable issue in this part of the order inasmuch as appellant proceeds on the theory that the will was entitled to probate and should have been allowed as such. Of course he insists there was error in vacating the widow's consent, but that order is nonappealable. We think the district court rightly dismissed the two appeals already referred to.

The third order is appealable. After prolonged hearings the court refused to appoint appellant executor. He was named as executor in the will. He was mentally and physically competent. Such being the case, appellant maintains that the statute is mandatory that he be appointed. G. S. 1923 (2 Mason, 1927) § 8768, reads:

"When a will has been duly proved and allowed, the court shall issue letters testamentary thereon to the executor named therein, if he is legally competent, and accepts the trust and gives bond as required by law; otherwise, such court shall grant letters of administration with the will annexed."

The authorities appear to support appellant's contention that when the will is allowed the court must appoint the executor named in the will if legally competent. Kidd v. Bates, 120 Ala. 79, 23 So. 735, 41 L. R. A. 154, 74 A. S. R. 17; In re Estate of Bauquier, 88 Cal. 302, 26 P. 178, 532; Clark v. Patterson, 214 Ill. 533, 73 N. E. 806, 105 A. S. R. 127; Garitee v. Bond, 102 Md. 379, 62 A. 631; Breen v. Kehoe, 142 Mich. 58, 105 N. W. 28, 1 L.R.A.(N.S.) 349, 113 A. S. R. 558; Bujac v. Wilson, 27 N. M. 337, 201 P. 1051, 18 A. L. R. 575; In re Bergdorf's Will, 206 N. Y. 309, 99 N. E. 714; Hartnett v. Wandell, 60 N. Y. 346, 19 Am. R. 194; Saxe v. Saxe, 119 Wis. 557, 97 N. W. 187; (Will of Zartner, 183 Wis. 506, 198 N. W. 363, makes clear that the appointment and the removal of an executor rest upon two distinct statutory provisions). The statutes in Illinois, Michigan, and Wisconsin are almost word for word like § 8768 above quoted. That the executor is interested in the estate or that his interests may be hostile in part to that of others interested therein as legatees, devisees, or otherwise does not render him legally incompetent, nor the fact that he is either a creditor or debtor of the estate. Nor does the fact that cause may exist for removal justify the court in refusing to appoint the executor named in the will in the first instance, if competent. If he accepts and gives the bond required, he may so conduct the administration of the estate that no cause for removal on account of his personal interests may arise. We deem said § 8768 mandatory. It is not necessary to refer to the reasons, since they are so well set forth in the decisions cited. If in the course of the administration litigation or improper conduct of the executor should give cause for removal, the probate court has authority under G. S. 1923 (2 Mason, 1927) § 8790, to protect the interests of all by removal. This last section is clearly permissive.

There can be little doubt that had the executor named in the will been appointed immediately upon the allowance of the will no one would have been harmed, and needless and untimely litigation could have been avoided. There likely would have been no nunc pro tunc order allowing the will, the widow's renunciation would have been filed so that its timeliness could not have been questioned,

and the effectiveness of her assent to the will would have been reached for adjudication in due season. Now there has been the expense of a special administrator and his accounting, and after months of continuous litigation an administrator with the will annexed has been appointed, with no final determination of the rights of either of the two legatees, the only parties interested in the estate. In the present situation what disposition should be made of the appeal?

The courts below construed Corey v. Corey, 120 Minn. 304, 139 N. W. 509, as a departure from the doctrine requiring the courts to appoint the executor named in the will if legally competent, whereas that was a case for the removal of an executor, governed by our removal statute, § 8790. The real reason for the removal there was the fact that the testator had created a trust in favor of his children under which the trustees had acted. The children, except the executor, were nonresidents. The widow elected to take under the statute. All except the widow favored the validity of the trust. She attacked it. The point was made that the litigation contemplated could be properly carried on independently of the representatives of the estate and without burdening the estate with the expense. This was ruled against the executor; and it was held that under the situation the widow, in the litigation to follow between her and the children of the testator, was entitled to have the matter determined in the administration of the estate under a representative impartial as between the two hostile camps.

In this case the litigation already so extensively and unseasonably carried on to no great purpose has however established that an hostility now exists between the widow and the executor on a par with that in the Corey case, 120 Minn. 304, 139 N. W. 509; and therefore, had he been named executor when the will was allowed, the probate court, or the district court on appeal, would have good cause for his removal. In view of the situation the litigation is now in, we conclude that it would be a vain thing to reverse the order so that appellant might be appointed executor temporarily, for no doubt the widow would at once petition for his removal. Her right to renounce the provision for her in the will is antago-

nistic to appellant; so also is her claim that he has appropriated large amounts on deposit in banks to the joint and several account of testator and appellant, which money she contends belonged to testator. And under Corey v. Corey, 120 Minn. 304, 139 N. W. 509, that would be cause for appellant's removal as executor in the litigation to settle those issues.

The order refusing to appoint appellant executor and appointing the trust company mentioned administrator with the will annexed is affirmed.

AFTER REARGUMENT.

On June 3, 1932, the following opinion was filed:

HOLT, J.

After decision rendered herein on February 11, 1932, a rehearing was granted upon this question only:

"In view of the litigation already had, clearly indicating that further litigation will follow to determine the respective shares of the widow and the son of the deceased, the executor named in the will, is it improper practice to permit the administrator already appointed to remain such pending the litigation?"

The arguments presented upon the rehearing have convinced the court that the expedient adopted in the former opinion, to shorten the litigation by assuming what the courts below would do if the widow should persist in her endeavor to have an impartial representative in charge of the estate pending the future litigation which evidently is unavoidable, is not proper practice. G. S. 1923 (2 Mason, 1927) § 8790, provides for the removal of a representative for cause, one being when he becomes unsuitable for discharging the trust. This can of course be done only upon a hearing before the probate court, where the person who desires the removal must petition therefor, specify the grounds for removal, and prove them. There is the right of appeal from the decision of the probate court. In removal of an executor the court exercises judicial discretion, and it is not proper for this court now to assume what that will be when properly presented to the courts below. It has not been

so presented. G. S. 1923 (2 Mason, 1927) § 8768, as held in the opinion heretofore filed herein, is mandatory and requires the appointment of appellant executor, he being named as such in the will and being legally competent to act.

The order is reversed.

Stone, J. (dissenting).

I cannot concur in the foregoing opinion.

ON PETITION TO CLARIFY DISPOSITION OF APPEAL.

On June 11, 1932, the following opinion was filed:

PER CURIAM.

Agnes C. Betts petitions the court to clarify the disposition of the appeal as left by the opinion on rehearing.

Three appeals from orders of the probate court were taken by Howard M. Betts, the executor named in the will of Lyman M. Betts. In the district court these appeals were consolidated for trial. The district court by its findings and order for judgment dismissed the appeals from two of the orders on the ground that they were nonappealable. By the first opinion rendered herein the ruling of the district court in that respect was approved, and neither the district court nor this court considered either of those two orders on the merits. The appeal to this court was from an order denying Howard M. Betts' motion for a new trial. In the motion the dismissal of the two orders was challenged, as well as the refusal to appoint him executor and appointing the Marquette Trust Company administrator with the will annexed. On rehearing the order denying a new trial was reversed.

Since the rehearing was granted solely on one proposition, relating to the appointment of the Marquette Trust Company administrator with the will annexed instead of Howard M. Betts, the executor named in the will, it should be clear that the reversal of the order appealed from results in remitting the case to the district court on the sole issue whether or not the executor named in the will is now legally competent to act as such, and if so found he should be appointed in place of the Marquette Trust Company, now acting as administrator with the will annexed.