IN RE ESTATE OF JOSEPH BLOCHOWITZ.
FRANK J. BLOCHOWITZ, APPELLANT, V. ALBERT J.
BLOCHOWITZ ET AL., APPELLEES.

FILED NOVEMBER 25, 1932.   No. 28289.

*Mockett & Finkelstein, Herman Ginsburg* and *Joseph Ginsburg,* for appellant.

*E. B. Perry, Hall, Cline & Williams* and *John J. Ledwith, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

This is a controversy over the appointment of an executor to administer upon the estate of Joseph Blochowitz, deceased.   In his probated will, Frank J. Blochowitz, a son of testator, was nominated as executor.   The county or probate court held that the nominee named in the will was not competent to act in that capacity and appointed his brother, Albert J. Blochowitz, administrator with the will annexed.   Upon appeal to the district court the de-

cision was the same as that of the probate court. The nominee, Frank J. Blochowitz, whom both courts declined to appoint executor, appealed to the supreme court.

The appeal presents questions relating to the competency of the nominee named by testator and also to the appointing power of the judiciary. The probate court and the district court declined to appoint Frank J. Blochowitz on the ground that his appointment would place him in an untenable position where his personal interests would conflict with his official duties as executor and trustee.

Testator left surviving him his widow, four sons and two daughters. In a controversy among the children, Albert J. Blochowitz, a son of testator, special administrator appointed by the county court, contended that his brothers, Frank J. Blochowitz, John A. Blochowitz and George Blochowitz, claimed, as their own, personal property exceeding in value $300,000 belonging to their father's estate and sued them for an accounting.

The theory of the special administrator is that the same person is not legally competent to prosecute as executor, and at the same time defend as an individual, a suit to restore to the estate personal property in his hands.

On appeal testator's nominee for executor argued with vigor the following propositions: The provision in the probated will for his appointment can only be defeated by a statutory disqualification. Judicial discretion to depart from a testamentary nomination is limited to disqualifications specified by statute. A nominee in a will, by claiming property as against the estate, is not thus disqualified to act as executor, but must be appointed. The remedy for a statutory disqualification after appointment is removal. Numerous cases are cited in support of the points stated. The statute provides:

"When a will shall have been duly proved and allowed, the county court shall issue letters testamentary thereon to the person named executor therein, if he is legally

competent, and he shall accept the trust and give bond as required by law." Comp. St. 1929, sec. 30-302.

For the purpose of a ruling on the questions presented, it will be assumed that the nominee named in the will for the office of executor is ready and willing to accept the trust and to give the bond required by law; that he is "legally competent," according to his own understanding of those words and his own standards of business and official rectitude; that in the position taken by him he is not prompted by any evil design; that he will obey the orders of the court, if appointed and permitted to act as executor.

The lawmakers did not define the term "legally competent," but left the interpretation thereof to the courts. In a judicial proceeding an executor of a probated will is not only an officer of the court but is a trustee for the persons entitled to share decedent's estate. The legislature recognized the relation of trustee and beneficiary by providing that letters testamentary shall be issued to the person named executor in the will, "if he is legally competent, and he shall accept the trust and give bond as required by law." In the sense used by the lawmakers, the term "legally competent" means fit or qualified to act as officer of the court and as trustee in administering upon the estate of testator according to judicial standards essential to the proper course of justice in the judicial department of government. Courts must not only maintain their purity, impartiality and independence, but must strive to avoid even a suspicion of evil. They cannot be forced by legislators or litigants into a position which would lower the plane upon which justice is administered. The official relation between a court and an executor is intimate and sensitive. An appointment that would necessarily embarrass or impede the court in determining a controversy among heirs and place some of them at an unfair disadvantage should be avoided. A statute directing the probate court to appoint an executor whose official and representative duties would require him

to prosecute on behalf of adversary litigants a suit which he would defend as an individual would encroach on a judicial prerogative—the power of the court to appoint a competent officer. That intent is not expressed or implied. A person who would be placed by appointment as executor in the anomalous position indicated would not be "legally competent" within the meaning of the statute. The legislature wisely left the court free to interpret those words and to exercise a proper judicial discretion on the issue of competency under the circumstances of each particular case. Fully recognizing the right of a testator to nominate a competent executor and the judicial duty to appoint him, the conclusion is that the refusal of the probate court and of the district court on appeal to appoint the person named in the probated will of testator in the present instance was a proper exercise of judicial discretion. The person appointed administrator with the will annexed is in a different situation.

AFFIRMED.