IN RE ESTATE OF VIOLET BARCK.
WILLIAM H. JACQUES v. CARRIE E. MARSDEN
AND ANOTHER.[1]

October 15, 1943.

No. 33,513.

*L. S. Doolittle, Hansen & Engan,* and *Fowler, Youngquist, Furber, Taney & Johnson,* for appellant.

*Mort B. Skewes,* for respondent Carrie E. Marsden.

*Frank F. Michael,* for respondent Charles J. Martin.

MAGNEY, JUSTICE.

Violet Barck, a resident of the city of Luverne, Rock county, died testate. By her will, William H. Jacques, a grandnephew, who lives at Prescott, Wisconsin, and Charles J. Martin of Luverne, were named executors. The estate consists of personal property of an estimated value of $4,000, including a one-half interest in certain livestock on one of the farms, the homestead, valued at $2,000, and 1,035 acres of farm land valued at $58,000, all situated in Rock

[1]Reported in 11 N. W. (2d) 149.

county. Mortgages to the extent of $25,000 encumber the real estate.

The probate court of Rock county appointed Charles J. Martin executor but denied the petition of William H. Jacques to be appointed joint executor. Jacques, together with his father, George L. Jacques, and Anna M. Balch, legatees under the will, appealed to the district court, which found that William H. Jacques was not a suitable person to act as executor or coexecutor and was not entitled to be appointed a coexecutor. Judgment was entered pursuant to this finding, from which William H. Jacques appeals.

■ Until 1935 the only requirement of an executor named in the will for appointment as such was the qualification of competency. Now such appointment is conditioned on suitability and competency. Minn. St. 1941, § 525.25 (Mason St. 1940 Supp. § 8992-58). The trial court found appellant unsuitable. The question before us is whether such finding rests upon adequate evidence. His competency is conceded.

Appellant is a nonresident. There is nothing in our statutes prohibiting the appointment of a nonresident as executor. The statutes do provide, however, that after a resident representative has been appointed he may be removed if he ceases to be a resident of this state. *Id.* § 525.501 (§ 8992-121). If ceasing to be a resident permits the court in its discretion to remove a representative, the court may well consider nonresidence as a factor in determining whether or not a named executor is suitable for appointment.

Appellant resides about 250 miles from the situs of the assets of the estate. As they consist chiefly of farm lands and a half interest in a livestock venture, all requiring close supervision while in the possession of the representative and familiarity with local conditions in case of a sale, the factor of distance may also properly be taken into consideration by the court in determining suitability of a named executor. Distance also creates considerable additional expense.

In 1937 decedent deeded a 352-acre farm in Pipestone county to appellant, reserving to herself a life estate or the right to the in-

come for life. The deed is not in evidence. This was a gift without consideration. The farm was encumbered. Under the terms of the mortgage, a $250 payment was payable on the principal each year. Appellant took possession and operated the farm. Out of the in-come he made three payments of $250 each on the mortgage. Re-spondents claim that these payments were improperly made. Appellant claims that the income was properly applicable to these payments. This dispute may well end up in litigation between appellant and the estate.

Before the allowance of the will, appellant attempted to persuade Carrie E. Marsden, a legatee and one of the respondents, to agree to a reduction of her legacy of $8,000 and to give the amount of the reduction to Anna M. Balch, who had been given $5,000 under the will. He also told her that there was some doubt as to the legality of the bequest to her. Mrs. Marsden refused to agree to a reduction unless other legatees also contributed. At the hearing on the will, George L. Jacques, the father of appellant, who was a resid-uary legatee, Mrs. Marion L. Moore, the other residuary legatee, and Anna M. Balch contested a claim based upon a promissory note which Carrie E. Marsden had against the estate. They appeared by the attorney who appeared for appellant in his attempt to secure appointment as executor. At that hearing appellant stated that he wanted to be executor in order to protect his father's interests. From these incidents, Mrs. Marsden naturally concluded that ap-pellant was antagonistic to her and her interests, and she developed ill will toward him.

In 1940 the decedent was adjudged incompetent and Charles J. Martin appointed guardian. Appellant refused to turn over the possession of the Pipestone county farm, and the guardian took possession. After long delay, appellant forwarded Martin an ac-counting, which the latter had demanded.

The law requires that an executor be impartial. He must be the unbiased representative of all persons interested in the estate and remain neutral among them. It was so stated in Corey v. Corey,

120 Minn. 304, 139 N. W. 509. Under the facts in this case, the court could readily question appellant's impartiality.

■ In In re Estate of Holterman, 203 Minn. 519, 520, 282 N. W. 132, 133, this court held that "a finding of unsuitability will not be disturbed where, as here, it rests upon adequate evidence." We hold that the finding of the trial court that appellant is unsuitable rests upon adequate evidence.

Judgment affirmed.

MR. JUSTICE LORING, absent because of accidental injuries, took no part in the consideration or decision of this case.