IN RE ESTATE OF IDA HAEFFELE.
MARY HARTMAN ET AL., APPELLANTS, V. WILLIAM HAEFFELE, APPELLEE.

18 N. W. 2d 228

FILED MARCH 30, 1945. No. 31914.

*Paul P. Chaney*, for appellants.

*Harold L. Gurske, John C. Mullen* and *Henry F. Schepman, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

WENKE, J.

This is a controversy over the appointment of an executor to administer upon the estate of Ida Haeffele, deceased. In her probated will William Haeffele, a son of the testatrix, was nominated as executor. Objections were filed to his appointment by Clara Hartman, Mary Hartman, Henry Hartman and Edna Eickhoff, devisees and legatees under the will of deceased, on the ground that the nominee's personal interests conflict with and are antagonistic to his duties as executor and will prevent an impartial performance of the duties of said office. The county court of Richardson county sustained the objections and appointed Archibald J. Weaver as administrator with the will annexed. Appeal therefrom was taken to the district court.

Upon appeal the nominee, William Haeffele, was found to be qualified and the objections to his appointment were overruled, and he was appointed executor. The appointment of Archibald J. Weaver as administrator with the will annexed was set aside. From this order the objectors have appealed to this court.

Did the trial court err in appointing the nominee as executor of the estate, he being willing to accept the trust and give bond as required by law?

The record discloses that Henry Haeffele, husband of Ida Haeffele, died testate on June 11, 1934, seized of the east half of the northwest quarter of section 14, township 1 north, range 17, in Richardson county and the east half of lots 20-21-22-23-24, block 88, Hutchings and Maust addition to Falls City, Richardson county, which passed under the following provisions of his will: "I give, devise and bequeath to my beloved Wife, Ida Haeffele all of the Real Estate and personal property of whatsoever nature and kind and wheresoever situate, to be hers absolutely, to do with

as she may think best and proper. After the death of my said wife I desire that the remainder of my property shall be divided in equal shares between my son William Haeffele and my daughters, Clara Hartman and Mary Hartman, with this exception, that my son William shall have $1000.00 more than my said daughters, from said remainder."

In the will of Ida Haeffele, deceased, she disposes of whatever interests she has in this real estate as follows:

"I devise my real estate consisting of the following property: The farm located in 'Jefferson Precinct' described as 'The E½ of the N.W.¼ of Section 14, Township 1, North of Range 17, of the 6 Principal M. The lots located on West 15th Street, Falls City, Nebraska, described as 'The E½ of Lots 20-21-22-23-24 block 88, Hutchings and Maust Addition. My home located at 312 East 18th Street, between Lane and Morton Streets, in Falls City, Nebraska.

"The above real estate is to be divided as follows:

| | | |
|---|---|---|
| "William Haeffele, my son | one third (1/3) |
| "Mary Hartman | my daughter | one third (1/3) |
| "Henry Hartman | my grandson | one sixth (1/6) |
| "Edna *Eichoff* | my granddaughter | one sixth (1/6)" |

In the county court the nominee, after conferring with his counsel, gave the opinion that Ida Haeffele had only a life estate in this property, although the record does not disclose he has ever taken any action to assert that position.

From an examination of the provisions of these two wills it can readily be seen that the rights of the nominee and also of the estate of Ida Haeffele would be different, depending on whether she took the property from her husband in fee or otherwise.

With reference to the appointment of executors, our statute, section 30-302, R. S. 1943, provides: "When a will shall have been duly proved and allowed, the county court shall issue letters testamentary thereon to the person named executor therein, if he is legally competent, and he shall accept the trust and give bond as required by law."

In construing a like statute the supreme court of Minnesota in *In re Estate of Betts,* 185 Minn. 627, 240 N. W. 904,

held: "The authorities appear to support appellant's contention that when the will is allowed the court must appoint the executor named in the will if legally competent. *Kidd v. Bates*, 120 Ala. 79, 23 So. 735, 41 L. R. A. 154, 74 A. S. R. 17; *In re Estate of Bauquier*, 88 Cal. 302, 26 P. 178, 532; *Clark v. Patterson*, 214 Ill. 533, 73 N. E. 806, 105 A. S. R. 127; *Garitee v. Bond*, 102 Md. 379, 62 A. 631; *Breen v. Kehoe*, 142 Mich. 58, 105 N. W. 28, 1 L. R. A. (N. S.) 349, 113 A. S. R. 558; *Bujac v. Wilson*, 27 N. M. 337, 201 P. 1051, 18 A. L. R. 575; *In re Bergdorf's Will*, 206 N. Y. 309, 99 N. E. 714; *Hartnett v. Wandell*, 60 N. Y. 346, 19 Am. R. 194; *Saxe v. Saxe*, 119 Wis. 557, 97 N. W. 187; * * * . The statutes in Illinois, Michigan, and Wisconsin are almost word for word like section 8768 above quoted. * * * We deem said section 8768 mandatory. It is not necessary to refer to the reasons, since they are so well set forth in the decisions cited." The rule is stated in 95 A. L. R. 828, as follows: "The rule is well settled that ordinarily courts have no discretion in respect to the issue of letters to the persons nominated in the will, unless such persons are expressly disqualified or such discretion is created by statute; and that the person appointed by the will cannot be rejected by the court except where the law expressly so provides."

Our only statutory disqualification is section 30-308, R. S. 1943, as to nominees under age but that is not applicable here.

In the case of *In re Estate of Blochowitz*, 124 Neb. 110, 245 N. W. 440, we defined the term "legally competent" within the statute as follows: "The lawmakers did not define the term 'legally competent,' but left the interpretation thereof to the courts. In a judicial proceeding an executor of a probated will is not only an officer of the court but is a trustee for the persons entitled to share decedent's estate. The legislature recognized the relation of trustee and beneficiary by providing that letters testamentary shall be issued to the person named executor in the will, 'if he is legally competent, and he shall accept the trust and give bond as required by law? In the sense used by the lawmakers,

the term 'legally competent' means fit or qualified to act as officer of the court and as trustee in administering upon the estate of testator according to judicial standards essential to the proper course of justice in the judicial department of government."

Under our laws a person has the right to dispose of his property as he chooses, subject only to such limitations as are expressly declared by law, and the nomination of such parties as he chooses to act as executor or executors to carry out such provisions after he has gone and, under the provisions of section 30-302, R. S. 1943, the court is under mandatory duty to appoint the person or persons named by the deceased as executor or executors of his estate when the will is proved and allowed to probate, unless such person or persons named are expressly disqualified by statute, or are, for good cause shown, not legally competent within the provisions thereof. See *In re Estate of Miller*, 92 Ia. 741, 61 N. W. 229; *In re Estate of Doolittle*, 169 Ia. 639, 149 N. W. 873.

However, in the case of *In re Estate of Cachelin*, 124 Neb. 556, 247 N. W. 422, we held that the statutory grounds upon which the court might remove an executor, section 30-309, Comp. St. 1929, now section 30-310, R. S. 1943, was applicable to the qualifications of an executor under section 30-302, R. S. 1943, and that, " * * * the court, in the exercise of a sound judicial discretion, determines that such applicant for appointment is 'incapable or unsuitable to discharge the trust,' such appointment should not be made." On further consideration, we think we were wrong in so holding. These two statutes are separate acts. Section 30-302, R. S. 1943, is a mandatory statute dealing with the appointment of persons named as executors and their qualifications. Section 30-310, R. S. 1943, is a permissive statute dealing with the removal of executors after they have qualified and the grounds therefor. See *Will of Zartner*, 183 Wis. 506, 198 N. W. 363; *In re Estate of Betts, supra*. In so far as *In re Estate of Cachelin, supra*, holds that section 30-310, R. S. 1943, is a statutory basis for the disqualifica-

tion of the person named as executor, the same is overruled.

Under this right the testatrix nominated the appellee as her executor and he is entitled to qualify unless good cause is shown to prevent him from doing so. In considering what constitutes good cause the court should be careful and not, by too liberal an interpretation of what constitutes legal incompetency, disregard the wishes of the deceased.

Do the facts in this case show a good cause for refusing to appoint the nominee? If the nominee claims that Ida Haeffele died seized of only a life estate in the property she received from her husband's estate, then he would be taking a position adverse to the best interests of her estate and in conflict with his duties as executor, but he has taken no such action.

We recognize the principle that, where an executor's personal interests conflict with or are antagonistic to his duties as executor, he is not a proper person to act as such, and the application thereof in those cases refusing to appoint a named executor who, by his actions, has taken a position contrary to the interests of the estate and his duties as such nominee, as in *In re Estate of Blochowitz, supra*; *In re Estate of Van Vleck*, 123 Ia. 89, 98 N. W. 557, or for the same reason caused his removal, as in *In re Elder's Estate*, 160 Or. 111, 83 Pac. 2d 477; *Farnsworth v. Hatch*, 47 Utah 62, 151 Pac. 537; *In re Estate of Marconnit*, 119 Neb. 73, 227 N. W. 147.

However, as stated in *Farnsworth v. Hatch, supra,* at p. 73: "It is quite true that, as a general rule, those who are directly interested in the estates are usually selected and appointed as administrators or executors. Even a creditor is a proper person to act in such capacity. Again, a person may not be disqualified merely because he claims property which is also claimed by the estate. But when the claims of the representative are resisted by the estate, and litigation ensues, then the interest between the estate and the representative may become so conflicting and so serious that it is no longer proper for the representative to remain in office."

That the named executor is interested in the estate and

that his interests may become hostile to that of the others interested therein as legatees, devisees or otherwise does not necessarily render him legally incompetent. If he accepts and gives the bond required he may so conduct the administration of the estate that no cause for removal on account of his personal interests may arise. If, however, in the course of the administration litigation or improper conduct or action of the executor should give cause for removal the county court has authority under section 30-310, R. S. 1943, to protect the interests of all by his removal. Courts should not anticipate such action on the part of the executor. See *In re Estate of Betts, supra*; *Will of Zartner, supra.*

For the reasons stated, the action of the district court is affirmed.

AFFIRMED.