IN RE ESTATE OF ANDY MOSS, DECEASED.
DONLEY E. MOSS, APPELLANT, V. MILDRED EATON ET AL.,
APPELLEES.
157 N. W. 2d 883
Filed April 12, 1968. No. 36789.

Van Steenberg, Winner & Wood, for appellant.

Deutsch & Hagen, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

Donley E. Moss appealed from an order of the county court which sustained objections to his appointment as

executor of the will of his father, and appointed instead an administrator with the will annexed. The district court affirmed on the ground that Donley E. Moss was not legally competent to act as executor.

The decedent, Andy Moss, died June 9, 1966. His will, executed September 25, 1963, nominated and appointed his son, Donley E. Moss, as executor. Objections to the appointment of Donley E. Moss as executor were filed by Mildred Eaton and Irene McCartney, his two sisters, who were equal beneficiaries with him of the residue of the property under the terms of the will. The will was admitted to probate, and thereafter the county court entered its order finding that Donley E. Moss was not legally competent to act as executor, and appointed James W. Rooney as administrator with the will annexed. This was the order which was appealed to the district court.

Thereafter James W. Rooney was appointed special administrator and filed suit in the district court on behalf of the estate against Donley E. Moss for an accounting. The grounds for denying appointment to Donley E. Moss and the grounds for suit by the special administrator centered around a business enterprise started by Donley E. Moss with his father in 1956. It was known as Moss Livestock and also as Moss Cattle Company. The deceased father had contributed substantial sums of cash at various times. The assets of the business were in the possession and control of Donley E. Moss, and the business continued to be operated by him after his father's death. The objectors asserted that it was a partnership and that they had been unable to secure a comprehensive accounting of the business and of the interest of the deceased in it. Donley E. Moss denied that a partnership existed, but admitted that he was indebted to the estate, and would make a detailed accounting if appointed executor. The evidence indicated varying and undetermined amounts as the value of the decedent's interest in the business enterprise, or the amount of the

indebtedness of Donley E. Moss, as the case might be. He testified in the district court that he could not tell· from his own records exactly what he owed his father. The evidence also established that a dispute and conflict existed as to the amount or amounts due to the estate and that extensive efforts to negotiate the dispute or settle the conflict had failed, and that antagonism had resulted between the beneficiaries of the estate. If Donley E. Moss were appointed executor, he would, of necessity, be required to pit the interests of the estate, which he would represent as a fiduciary, against his own individual interests in a directly adversary confrontation.

It is the appellant's position that section 30-302, R. R. S. 1943, makes it mandatory that a named executor be appointed unless he is expressly disqualified by statute, and that he is "legally competent" within the meaning of that section.

The appellant relies primarily on the case of In re Estate of Haeffele, 145 Neb. 809, 18 N. W. 2d 228, and particularly on the following language in that case:. "Under the provisions of section 30-302, R. S. 1943, the court is under mandatory duty to appoint the person or persons named by the deceased as executor or executors of his estate when the will is proved and allowed to probate, unless such person or persons named are expressly disqualified by statute, or are, for good cause shown, not legally competent within the provisions thereof."

In that case property was disposed of in the will of a husband and also in the will of his wife. The husband predeceased his wife by some years and her estate was being probated. Under the provisions of the two wills, the rights of the named executor and also the wife's estate and some of its beneficiaries would be different depending on whether the interest received by the wife from her husband was a fee title or only a life estate. The named executor had not taken any action to assert a position adverse to the best interests of the wife's estate or in conflict with his duties as executor. This court

said: "That the named executor is interested in the estate and this his interests may become hostile to that of the others interested therein as legatees, devisees or otherwise does not necessarily render him legally incompetent."

The Haeffele case expressly acknowledged the rule of In re Estate of Blochowitz, 124 Neb. 110, 245 N. W. 440. There a special administrator had sued the named executor and two other brothers for an accounting, contending that they claimed, as their own, personal property belonging to the estate. It was specifically held that a person nominated in a will as executor is not "legally competent" to act in that capacity, where his duties would require him to prosecute on behalf of adversary litigants, a suit which he would at the same time defend as an individual. This court said: "The legislature wisely left the court free to interpret those words and to exercise a proper judicial discretion on the issue of competency under the circumstances of each particular case."

The Blochowitz case is controlling here. The only plausible ground for differentiation would be that here the suit by the special administrator for an accounting against Donley E. Moss was filed after his appointment as executor had been denied in the probate court. We do not think the rationale of the Blochowitz case is limited to a situation in which a suit is actually pending against an individual named as executor at the time of hearing on appointment.

Where a court is held or conceded to be invested with power or discretion to refuse an appointment on the ground of an adverse interest or position, the question is whether the interest or position of the nominee is so adverse to the interests of the estate or the beneficiaries thereof as to warrant or require the refusal of the appointment. See Annotation, 18 A. L. R. 2d 633, "Adverse interest or position as disqualification for appointment as personal representative." An analysis of the numerous

cases on the subject establishes that the mere existence of an adverse interest or position, or the mere fact that an executor is either a creditor or debtor of the estate, is not, in and of itself, a ground for disqualification. The law requires deference be given to the confidence a testator has placed in a particular person. The law likewise recognizes the fiduciary nature of the executor's position and the obligations which arise from that relationship. The problem of whether a personal interest is of a nature sufficiently adverse or antagonistic to be deemed a disqualification can only be answered with reference to the nature or extent of such interest, the relationship of the parties, or other circumstances involved in the particular situation. The necessity for an accounting, the fact that an interest is disputed or contested, or in litigation, have all been considered as important elements in making such a determination.

We hold that where there exists at the time of the hearing on appointment of executor, a conflict of interest of a nature sufficiently adverse or antagonistic that the exercise of proper judicial discretion would require the immediate removal of an executor if he were appointed, the named executor is not legally competent under section 30-302, R. R. S. 1943, and should not be appointed.

The result here can be supported not only by the Blochowitz rule defining legal incompetency to include such a serious conflict of interest, but can also be supported on the theory that the particular conflict of interest is a sufficient and compelling ground for immediate removal and it would be a vain act to appoint solely in order to remove. See, In re Estate of Keske, 18 Wis. 2d 47, 117 N. W. 2d 575; In re Estate of Young, 4 Ohio App. 2d 315, 212 N. E. 2d 612. As to removal, see In re Estate of Marconnit, 119 Neb. 73, 227 N. W. 147.

Section 30-302, R. R. S. 1943, uses mandatory language in dealing with appointment of executors, and section 30-310, R. R. S. 1943, uses permissive language in

dealing with the removal of executors. They are separate statutes. However, they are obviously applicable in chronological order to the qualification or disqualification of executors. To hold that they are completely unrelated would lead to the absurdity that a court might be required to appoint an executor who should be immediately removed. Such an approach glorifies form at the expense of substance.

There must be a measure of judicial discretion in determining whether a particular conflict of interest is sufficiently serious, adverse, or antagonistic to prevent appointment or compel removal of an executor. We find no abuse of discretion here.

The judgment of the district court is affirmed.

AFFIRMED.