Argued September 11; reversed October 8; motion to withhold
mandate denied November 13, 1935

IN RE WORKMAN'S ESTATE

CARRUTHERS *v.* COBB ET AL.
(49 P. (2d) 1136)

*W. E. Richardson,* of Portland, for appellant.

*Wilber Henderson,* of Portland (Henderson & Warner, of Portland, on the brief), for respondents.

BEAN, J. Appellant assigns error of the court in refusing to appoint him as executor and in appointing A..C. Callan as administrator. Section 11-206, Oregon Code 1930, as amended by Oregon Laws, 1931, chapter 235, provides thus:

"When a will is proven, letters testamentary shall be issued to the persons therein named as executors, or coexecutors, or to such of them as give notice of their acceptance of the trust and are qualified."

Section 11-231, as amended by Oregon Laws, 1933, chapter 11, provides who is not qualified to act as an executor or administrator. The case in hand does not come within the provisions of that section.

The order of the court refusing to appoint H. J. Carruthers as executor and appointing A. C. Callan as administrator of said estate, amounted to annulling a portion of the will of Harper Workman, deceased.

■ Unquestionably the testator has a right to confide the execution of his will to any person whom he may choose, who is not disqualified by law: 1 Ross on Law and Practice, 302, § 212. This right is esteemed an invaluable right and should not be lightly disregarded: *Holladay v. Holladay,* 16 Or. 147, 149 (19 P. 81).

■ Upon the probate of a will, letters testamentary must be issued to the executor or executors named by the testator in the will, if they are willing to assume the trust, unless such person or persons are disqualified by law. The court has no discretion in this respect: 2 Woerner, American Law of Admin. (3d Ed.) 776, § 229. The court, after some testimony was taken, found, among other things as follows:

"It further appearing that it is to the best interests of said estate and the heirs thereof that neither H. J. Carruthers be appointed executor of the last will and testament of said decedent; or that Earl C. Workman be appointed administrator of said estate; and that it would be to the best interest of all concerned if A. C. Callan be appointed as administrator of said estate; * * *"

We observe no finding of the court that H. J. Carruthers is disqualified. There is much room for the belief that the court exercised its discretion in the matter.

■ Respondents contend that it is shown that H. J. Carruthers is disqualified to act as executor. This is based upon the testimony of Carruthers, which shows that for a time until 1929 (a critical date) he was a pipe organ builder, when he ceased to pursue such vocation; that since then he has been gold mining and is secretary of the Independent Telephone & Electrical Supply Company, located at 400 Alisky building, and agent for the Connecticut Electric Company of Connecticut, and

sells equipment; that he is an officer, vice president, but not an active officer, of the Western Investment & Holding Company, and holds five shares in that corporation, apparently for the main purpose of qualifying him to be one of the organizers of the corporation; that the latter company holds a deed in trust for some property which belonged to Harper Workman. It seems that W. E. Richardson, who had been attorney for Harper Workman during his lifetime, is the moving spirit in this corporation. He, his wife and Carruthers organized the corporation, and Carruthers has but little interest in the corporation and knows but little about it. It is not shown that there is any dispute or controversy in regard to the trust property. While there is not a written declaration of trust of the company in regard thereto, there has not been any refusal to furnish such an instrument.

It is explained that Harper Workman was about to go to Alaska to look after his mining interests and executed a deed of trust to facilitate obtaining a mortgage upon the property, which was accomplished.

■ Respondents contend that the testimony of Carruthers that he knew little about the affairs of the Western Investment & Holding Company, or who were interested in that company, except the Richardsons, or the condition of the trust agreement, which he thought was explained by a letter, showed that he was not competent to act as such executor. With this contention we are unable to agree. The record does not disclose that Carruthers is not qualified to act as such executor. The will of Harper Workman should be carried into execution. Apparently the decedent knew about his son, Earl C. Workman, to whom he gave a service station located in Portland, Oregon, on the condition that he pay the executor for a term of ten years $50 per month;

that he should not mortgage or transfer said property, or permit any liens or taxes to become delinquent on the same, and if he did he should have no right to said property.

Elizabeth A. Cobb and Ada A. Beek petitioned the court for the appointment of Earl C. Workman, as administrator, but it was the will of Harper Workman that the execution of his will be entrusted to Carruthers.

 The following authorities show the trend of the judicial holdings in regard to qualifications of an executor. It is stated in 23 C. J. 1024, § 66:

"All persons, generally speaking, who are capable of making wills are capable of becoming executors, and indeed the favor of the law extends even further in this respect, the general rule being that a testator has the right to determine the qualifications and suitability of the person selected by him as executor, and may appoint any one whom he deems proper. Accordingly one named as executor is not disqualified by old age, bodily infirmities, lack of business experience, or ignorance of law."

In section 76, page 1027, of the same volume, we read:

"A person is not rendered incompetent to act as executor of an estate because he claims individually property which ostensibly belongs to the estate." In re Dolenty, 53 Mont. 33 (161 P. 524); Fransworth v. Hatch, 47 Utah 62 (151 P. 537); Li Po Tai's Est. 108 Cal. 484 (41 P. 486).

"A simple conflict of interest in regard to the estate between the legatees and the executor does not show a 'want of integrity' on the part of the latter so as to authorize the court under the statute in refusing to qualify him." 23 C. J. 1027, Note 4 (g).

██ The mere fact that a person named as executrix or executor in a will claims property as her or his own,

which the other legatees insist belongs to the estate, does not of itself show a want of integrity or disqualify her or him from serving as executrix or executor, if the adverse claim is honestly made: *In re Bauquier's Estate*, 88 Cal. 302 (26 P. 178).

In New York the necessary qualifications of an executor are directed in the New York statute with minuteness and the appointment of the person nominated is not to be refused merely because the testator's selection does not seem suitable to the judge: *Matter of Flood's Will*, 236 N. Y. 408 (140 N. E. 936); *Matter of Leland's Will*, 219 N. Y. 387, 392 (114 N. E. 854); *Ricks v. Johnson*, 134 Miss. 676 (99 So. 142); *Schouler on Wills*, (6th Ed) 1926 Supplement, 257.

"Yet it is now generally held that a person making a will has an absolute right to choose whom he wishes to act as executor and carry out his testamentary plans; and that his selection is not (to) be lightly disregarded by courts. Matter of Jung, 205 App. Div. 37, 199 N. Y. Supp. 122, 124." Schouler on Wills, (6th Ed.) 1926 Supplement, 255, § 1494. See 1 Williams on Executors, (12th Ed.) 132, et seq.

In *Welsh, Driscoll & Buck v. Buck*, 64 Utah, 579, 586 (232 P. 911), it was held that a testator may appoint as executor a person who might otherwise be disqualified to so act. See also *Smith's Appeal*, 61 Conn. 420 (24 Atl. 273, 16 L. R. A. 538, and notes). All persons are capable of being made executors who are capable of making wills: 7 Am. & Eng. Enc. of Law, 171.

■ Important litigation involving conflicting interests between an executor and heirs, legatees or devisees might be the cause for removal of an executor or administrator: *Farnsworth v. Hatch*, 47 Utah 62, (151 P. 537).

There had been some feeling engendered between the members of the Workman family, and it appears the same did not all die with Mr. Workman.

The order and decree of the circuit court that A. C. Callan be appointed administrator of the estate of Harper Workman, deceased, with the will annexed, and that letters issue to him, is reversed, and the cause will be remanded to the probate court with instructions to appoint H. J. Carruthers as executor of the last will and testament of Harper Workman, deceased, and that letters testamentary issue to him upon his furnishing such a bond as may be required by the probate court.

ROSSMAN, J., not sitting.