## In re RAAT'S ESTATE.
## FRANDSEN et al. v. RAAT.

No. 6526.   Decided December 24, 1942.   (132 P. 2d 136.)

See 33 C. J. S., Executors and Administrators, sec. 28; 25 R. C. L., 1069 (8 Perm. Supp. 5648).

*Thatcher & Young*, of Ogden, for appellant.

*George S. Barker*, of Ogden, for respondents.

WOLFE, Justice.

Eliza Raat by the terms of her last will appointed her oldest son, Rudolph, executor. The appointment was apparently her only reason for making the will, for by its terms the distribution of the property was the same as it would have been had she died intestate. Mrs. Raat died June 1, 1942. On June 2, 1942, Minnie Frandsen and W. Elmer Raat, son and daughter of the deceased, filed a petition in the District Court of Weber County for admission of the will to probate. The petition alleged that Rudolph was named as executor in the will, that he consented to act, but that the petitioners would prefer that the court appoint some disinterested person, preferably a bank with trust powers, as administrator with will annexed.

The nominee, Rudolph, on June 18, 1942, filed what was designated as a contest to the petition and a cross-petition for the probate of the will. The cross-petition prayed that letters testamentary be issued to him. No issue was raised as to the validity of the will. In answer to this cross-petition, objection was made that much ill-will existed between the nominee and the other heirs and that his appointment would result in such an intensification of that feeling that the other heirs feared that their rights would be prejudiced by the appointment of Rudolph. A demurrer was interposed to this answer, which demurrer was duly overruled. The court proceeded, over the objection of the cross-petitioner, to hear the evidence.

At the hearing, no evidence was introduced to show that nominee was incompetent to act as executor upon any of the statutory grounds enumerated in Sec. 102-3-15, R. S. U. 1933, and the court correctly so found. However, the court

held that the nominee, because of the deep-seated ill feeling between him and the other beneficiaries, was not competent within the meaning of Sec. 102-3-14, R. S. U. 1933, and refused to issue letters testamentary to him. The Commercial Security Bank of Ogden was appointed administrator with will annexed, and the nominee appealed.

The nominee contends that by virtue of Sec. 102-3-14 he is entitled as of right to be appointed executor, unless objection is made pursuant to Sec. 102-3-16 and unless he is shown to be incompetent on some one of the statutory grounds enumerated in Sec. 102-3-15. This is the only issue we deem it necessary to decide.

"The rule of the common law was that all persons might be appointed executors who were capable of making a will. Neither infancy, nonresidence, coverture, intemperance, improvidence, ignorance, vice, dishonesty, nor any degree of moral guilt or delinquency disqualified one for the office. Idiots and lunatics were practically the only classes disqualified, and the rule now prevails generally that courts have no discretion in respect to the issue of letters to the persons nominated in the will, unless such persons are expressly disqualified, or such discretion is vested by law; and the person appointed by the will cannot be rejected by the court except where the law expressly so provides." *Kidd* v. *Bates*, 120 Ala. 79, 23 So. 735, 736, 41 L. R. A. 154, 74 Am. St. Rep. 17.

The common law rule has been changed in Utah by express statute. The extent of the change depends, of course, upon the construction of these statutes. The statutes, so far as material here, provide:

102-3-14 "The court admitting a will to probate, after the same is proved and allowed, must issue letters thereon to the persons named therein as executors who are competent to discharge the trust, unless objection is made as provided in this chapter."

102-3-15. "No person is competent to serve as an executor who, at the time the will is admitted to probate, is either:

"(1) Under the age of majority;

"(2) Convicted of an infamous crime; or,

"(3) Adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity. * * *"

102-3-16 "Any person interested in a will may file objections in writing to granting letters testamentary to the persons named as executors, or any of them, and the objections must be heard and determined by the court. A petition may at the same time be filed for letters of administration with the will annexed."

If, as the nominee contends, the grounds enumerated in Sec. 102-3-15 are exclusive, the lower court's holding must be reversed for it is clear that he was not incompetent upon any of the grounds specified in that section.

These statutes were copied from the California Code of Civil Procedure, Sec. 1349, 1350, and 1351, and the construction placed on them by the California courts should, therefore, be given considerable weight. *Bauquier's Estate*, 88 Cal. 302, 26 P. 2d 178, 179, 532, the California Supreme Court held that

"The meaning of these sections is that at the time of admitting the will to probate the court must appoint as executor the person who is therein named as such, if he has petitioned therefor, and is not incompetent, unless written objections * * * have been filed, in which case the objections must be heard and determined; and the objections made must be such as show that the applicant is incompetent upon some one of the grounds specified in section 1350 of the Code of Civil Procedure. Under our law a man has the right to make such disposition of his property as he chooses, subject only to such limitations as are expressly declared by law; and within the same limitations he has the absolute right to select the executor to carry out the provisions of his will. In other words, any executor named in a will has the right to act, unless there is some express provision of law which declares that he shall not; and, as a consequence, the testator may lawfully select any person for this trust who does not fall within one of the classes expressly mentioned and declared to be incompetent."

As yet, we have not passed upon this question, but in *Welsh, Driscoll & Buck* v. *Buck*, 64 Utah 579, 232 P. 911, 914, we did indicate that we approved of the rule laid down by the California court in the Bauquier's case. We there stated:

"It is well settled in law that the testator has the province of appointing his own executors, and that a person who might otherwise

be disqualified can properly be appointed." We also quoted with approval from 23 C. J. 1023 that "Where the will is proved it is the duty of the court to issue letters testamentary to the person named as his executor upon application."

The rule set down by the California Court in the Bauquier's case, supra, is almost universally followed by the jurisdictions having similar statutory provisions. See *Kidd* v. *Bates,* supra; *In re Lawrence's Estate,* 53 Ariz. 1, 85 P. 2d 45; *Clark* v. *Patterson,* 214 Ill. 533, 73 N. E. 806, 105 Ann. St. Rep. 127; *In re Bett's Estate,* 185 Minn. 627, 240 N. W. 904, 243 N. W. 58; *In re Workman's Estate,* 151 Or. 475, 49 P. 2d 1136; *Rice* v. *Tilton,* 13 Wyo. 420, 80 P. 828; Bancroft Probate Practice, Vol. 1, Sec. 228, annotation 95 A. L. R. 828. Reference to these cases and the authorities cited therein will disclose the reasoning upon which they proceed. Little can be gained by repeating such reasoning here.

The respondents urge that the objections referred to in Sec. 102-3-16 are not limited or confined to the grounds of incompetency specified in Sec. 102-3-15, and that the provisions of that section of the statute are not exclusive, but that any valid subsisting objection may be made and when made must be heard and determined by the court. In support of this contention several cases are cited, including: *In re Langill's Estate,* 117 Wash. 268, 201 P. 28; *In re Bredl's Estate,* 117 Wash. 372, 201 P. 296; and *In re Stotts' Estates,* 133 Wash. 100, 233 P. 280. But these cases are not in point. They involved the appointment of an *administrator* rather than an *executor.* In discussing them in a later case, *State* v. *Superior Court,* 179 Wash. 198, 37 P. 2d 209, 211 95 A. L. R. 819, the Washington Supreme Court carefully points out this difference. The court stated:

"In this state, however, there has been a departure from that [the majority] rule, at least in cases of intestacy, and this court has held that the disqualifications enumerated in the statute are not exclusive."

The court went on to hold that:

"in the absence of fraud connected with the will or the estate, and in the absence of any *statutory* disqualification, the right of the testator to appoint an executor of his will may not be superseded by the court by appointing an administrator in his place." (Italics added.)

Regardless of whether the distinction is sound, it is clear that the four dissenting judges thought that the prevailing opinion drew a distinction between the appointment of an administrator and the appointment of an executor even though the statutes governing their appointment were almost identical. The other Washington case, *In re Robinson's Estate,* 149 Wash. 307, 270 P. 1020, cited by the respondents, seems to support their position. However, it was cited in the later case, *State* v. *Superior Court,* supra, and distinguished. The latter case expressly held that even though the best interests of the estate would be served by affirming the appointment of certain administrators, the trial court was required in the absence of fraud or some *statutory* disqualification, to appoint as executor the person named in the will.

At least one other jurisdiction, Michigan, has indicated that it felt the differences between an executor and administrator would justify the placing of them in different classes. In adhering to the majority view in regards to the appointment of an executor the court in *Breen* v. *Kehoe,* 142 Mich. 58, 105 N. W. 28, 29, 1 L. R. A., N. S., 349, 113 Am. St. Rep. 558, said:

"There is a wide difference between an administrator and an executor. The latter's appointment must ordinarily be made in accordance with the will of the testator, unless he is ineligible, or a statutory discretion, express or by implication, to refuse it is lodged with the court."

Hence the Michigan case, *In re Abramovitz' Estate,* 278 Mich. 271, 270 N. W. 294, cited by the respondents can be distinguished on this ground for it involved the appointment of an administrator.

The Colorado case, *Deeble* v. *Alerton*, 58 Colo. 166, 143 P. 1096, Ann. Cas. 1916C, 863, cited by respondents, turned upon a special statute which provided that if any person appointed as executor shall appear incompetent for any reason, letters of administration may be granted as if no executor had been named. The Iowa cases, *In re Doolittle's Estate*, 169 Iowa 639, 149 N. W. 873 and *In re Birkholz's Estate*, Iowa, 197 N. W. 896, can be distinguished on the same ground for apparently Iowa had no general statute which enumerated the grounds of incompetency.

The Oregon case, *In re Estate of Elder*, 160 Or. 111, 83 P. 2d 477, 119 A. L. R. 802, cited by respondents, involved the *removal* of an executor who had previously been appointed. The Oregon Supreme Court in an earlier case directly in point, in construing statutes similar to the ones under consideration here, held that

"Upon the probate of a will, letters testamentary must be issued to the executor or executors named by the testator in the will, if they are willing to assume the trust, unless such person or persons are disqualified by law. The court has no discretion in this respect." *In re Workman's Estate*, 151 Ore. 475, 49 P. 2d 1136, 1138.

As far as is disclosed by our research, the Workman case has not been overruled and we, therefore, conclude that Oregon adheres to the majority rule.

The refusal of the trial court to appoint the executor named in the will was error inasmuch as no showing of any disqualification upon any of the grounds specified in Sec. 102-3-15 was made. The order of the lower court is hereby reversed and the cause remanded for proceedings consistent with this opinion. Costs to appellants.

MOFFAT, C. J., and LARSON and McDONOUGH, JJ., and FAUST, District Judge, concur.

PRATT, J., on leave of absence.