13 P.3d 1111 (2000)
STATE of Washington, Respondent,
v.
O.P., Appellant.
No. 44576-6-I.
Court of Appeals of Washington, Division 1.
December 18, 2000.
David Bruce Koch, Nielsen, Broman & Associates, PLLC, Seattle, for Appellant.
Catherine Marie McDowall, King Co. Prosecutor's Office, Seattle, for Respondent.
AGID, C.J.
O.P., a juvenile, was charged with fourth degree assault after an altercation with his mother. Without specifically ruling on the State's motion to add a domestic violence designation to this charge, and without rearraigning O.P., the trial court found him guilty of fourth degree assault (domestic violence). We conclude that because the domestic violence designation in this case did not alter either the essential elements or the consequences of the fourth degree assault charge, the court did not violate O.P.'s constitutional rights.

FACTS
During a January 1999 argument, O.P. grabbed his mother in a "bear hug" and pushed her against a wall. O.P. was charged with fourth degree assault in violation of RCW 9A.36.041. After the case was set for trial, the State sought to add a domestic violence designation to the charge. The court did not say anything about the State's proposed amendment until this exchange at the conclusion of the State's case at trial:
[Prosecutor]: Your Honor, actually, I didn't bring this up earlier. But the State had amended from Assault 4° to Assault 4°Domestic Violence. I'm not sure that that was signed.
The Court: I was aware of that.
[Prosecutor]: Okay.
After the trial, the court found that O.P. had committed fourth degree assault and entered findings that included the domestic violence designation. As a condition of the standard *1112 range disposition it imposed, the court prohibited O.P. from having "unwanted physical contact" with his mother. It did not issue a separate no contact order under RCW 10.99.050(2). On appeal, O.P. contends that because the trial court never ruled on the State's motion to amend the fourth degree assault charge to include a domestic violence designation, he was convicted of an uncharged offense. He also asserts that, even assuming the court granted the State's motion to amend, its failure to arraign him on the fourth degree assault (domestic violence) charge violated his due process rights.

DISCUSSION
The issue here is whether O.P., who was charged with fourth degree assault but convicted of fourth degree assault (domestic violence), was convicted of an uncharged offense.[1]
In the domestic violence act, RCW 10.99, the Legislature "recognize[d] the importance of domestic violence as a serious crime against society" and resolved to ensure that domestic violence victims receive the maximum protection authorized by law. Finding that "the existing criminal statutes are adequate to provide protection for victims of domestic violence,"[2] the Legislature focused instead on implementing procedural requirements designed to enhance enforcement of existing laws. The act therefore "created no new crimes but rather emphasized the need to enforce existing criminal statutes in an evenhanded manner to protect the victim regardless of whether the victim was involved in a relationship with the aggressor."[3] To that end, the act requires that courts "identify by any reasonable means on docket sheets those criminal actions arising from acts of domestic violence."[4] Thus, identification does not itself alter the elements of the underlying offense; rather, it signals the court that the law is to be equitably and vigorously enforced.
O.P. claims that once his crime was identified by the court as a domestic violence offense, he suffered prejudice both because of the increased stigma associated with domestic violence and because the "domestic violence version of the offense carries with it more severe consequences." Because the information clearly stated that the victim of O.P.'s alleged crime was his mother, any associated stigma was already present. The second aspect of his argument is similarly unconvincing. He is correct in arguing that the act authorizes sentencing courts to impose specialized contact orders under RCW 10.99.050(2), the violation of which is a separate crime. But this section, and any chance of enhanced punishment, does not apply here because the no contact order imposed by the court was not imposed under this section. Thus, although the domestic violence designation could have resulted in increased punishment, it did not have that effect here. The information in this case served its required purpose of apprising O.P. of the charges against him and enabled him to prepare a defense.[5]
O.P. next contends that the court's failure to arraign him on the amended charge violated his due process rights. An information may be amended without rearraignment if "substantial rights of the defendant are not prejudiced or the amendment is one of form, not substance."[6] Here, the original charge made clear that O.P. was accused of assaulting his mother, and neither the essential elements nor the punishment was altered by the addition of the domestic violence designation. The amendment thus did not result in *1113 a substantial alteration of the charge, and O.P.'s rights were not prejudiced. Because O.P. had sufficient notice of the charged crime and an adequate opportunity to defend,[7] we affirm his conviction.
Affirmed.
NOTES
[1] The federal and state constitutions provide that a defendant may be tried and convicted only on the charge found in the indictment or information. State v. Schaffer, 120 Wash.2d 616, 619-20, 845 P.2d 281 (1993).
[2] RCW 10.99.010.
[3] Roy v. Everett, 118 Wash.2d 352, 358, 823 P.2d 1084 (1992).
[4] RCW 10.99.040(d).
[5] See State v. Tunney, 129 Wash.2d 336, 339, 917 P.2d 95 (1996).
[6] State v. Allyn, 40 Wash.App. 27, 35, 696 P.2d 45, review denied, 103 Wash.2d 1039 (1985).
[7] A defendant's constitutional rights are violated only if the absence of arraignment deprives the defendant of sufficient notice and an adequate opportunity to defend. State v. Alferez, 37 Wash.App. 508, 516, 681 P.2d 859, review denied, 102 Wash.2d 1003 (1984).