# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  49620-8-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| KONSTANTIN V. STATOVOY, | |
| Appellant. | |

BJORGEN, C.J. — Konstantin V. Statovoy appeals his felony sentence for assault in the second degree, which the State designated as a domestic violence offense.

Statovoy argues the superior court violated his right to a jury trial under the Sixth Amendment of the United States Constitution because it failed to provide the jury with an individualized special verdict form on each count designated as a domestic violence offense.  As a result, he argues the superior court erred when it calculated his offender score because it counted his misdemeanor convictions under the repetitive domestic violence provision of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, without an individualized finding that each misdemeanor involved domestic violence.

We hold that individualized special verdict forms are not required for a superior court to properly calculate a defendant's offender score under the repetitive domestic violence provision of the SRA.

Accordingly, we affirm Statovoy's sentence.

FACTS

Statovoy contacted his ex-wife, Olga Yermilova, in violation of a protection order, which had been duly served upon him. They were former spouses of 18 years, and they had three children together. During the incident, Statovoy assaulted and threatened Yermilova multiple times. Two neighbors came to her aid, and they detained Statovoy until the police arrived.

The police arrested Statovoy, and he was charged by amended information as follows: count 1, assault in the second degree (domestic violence); count 2, felony domestic violence court order violation (assault) (domestic violence); count 3, assault in the fourth degree (domestic violence); count 4, assault in the fourth degree; and count 5, reckless driving.

The case went to trial. Before deliberations, the jury was provided with jury instruction 25, among others, which instructed as follows:

> You will also be given a Special Verdict Form A for the crimes charged in counts 1, 2, and 3. If you find the defendant not guilty of all of these crimes, do not use Special Verdict Form A. If you find the defendant guilty of any of these crimes (Counts 1, 2 or 3), you will then use Special Verdict Form A and fill in the blank with the answer "yes" or "no" according to the decision you reach.
> You will also be given Special Verdict Form B for the crime of Violation of a Court Order as charged in Count 2. If you find the defendant not guilty of Violation of a Court Order, do not use Special Verdict Form B. If you find the defendant guilty of Violation of a Court Order, you will then use Special Verdict Form B and fill in the blank with the answer "yes" or "no" according to the decision you reach.

> In order to answer the special verdict form "yes," you must unanimously be satisfied beyond a reasonable doubt that "yes" is the correct answer. If you unanimously have a reasonable doubt as to the question, you must answer "no."

Clerk's Papers (CP) at 116.

Special verdict form A asked the jury: "Were Konstantin V. Statovoy and Olga Yermilova members of the same family or household?" CP at 124. Special verdict form B asked the jury: "Was the conduct that constituted a violation of the court order an assault which did not amount to an assault in the second degree?" CP at 125. Statovoy did not object to special verdict form A or any of the associated jury instructions; nor did he request additional special verdict forms be given on counts 1, 2, or 3, each of which included a special allegation of domestic violence.

The jury convicted Statovoy on all five counts. The jury also answered "yes" to special verdict form A in which it unanimously agreed, beyond a reasonable doubt, that Statovoy and Yermilova were members of the same family or household. CP at 124. The jury answered "no" to special verdict form B, which does not play a role in our analysis. CP at 125.

The superior court noted on Statovoy's felony judgment and sentence that "[f]or the crime(s) charged in Count 01 domestic violence was pled and proved." CP at 143 (emphasis omitted). The court's misdemeanor judgment and sentence reflected that Statovoy was guilty of counts 2 through 5 and noted that domestic violence was pled and proved in counts 2 and 3. The superior court scored Statovoy's concurrent domestic violence offenses (counts 1, 2, and 3) under former RCW 9.94A.525(21) (2013) and calculated Statovoy's offender score as 2. The superior court sentenced Statovoy to 23 months total confinement.

Statovoy appeals.

ANALYSIS

I. SIXTH AMENDMENT

Statovoy contends that using a single special verdict form asking whether he and Olga Yermilova were members of the same family or household violated his right to a jury trial under the Sixth Amendment of the United States Constitution. We disagree.

A.        Statovoy May Raise His Claimed Sixth Amendment Error for the First Time on Appeal

Statovoy failed to object to the use of a single special verdict form at trial. However, errors implicating a criminal defendant's Sixth Amendment right to a jury trial may be raised for the first time on appeal. *State v. Dyson*, 189 Wn. App. 215, 224, 360 P.3d 25 (2015), *review denied*, 184 Wn.2d 1038 (2016); *State v. Hughes*, 154 Wn.2d 118, 143, 110 P.3d 192 (2005), *abrogated on other grounds by Washington v. Recuenco*, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006). Statovoy claims such an error. Thus, it is properly before us.

B.        The Basis of Statovoy's Offender Score

Former RCW 9.94A.525(21)(c) states:

If the present conviction is for a felony domestic violence offense where domestic violence as defined in [former] RCW 9.94A.030 [2015] was plead and proven, count priors as in subsections (7) through (20) of this section; however, count points as follows:

. . . .

(c) Count one point for each adult prior conviction for a repetitive domestic violence offense as defined in [former] RCW 9.94A.030, where domestic violence as defined in [former] RCW 9.94A.030, was plead and proven after August 1, 2011.

Under these provisions, Statovoy's offender score on his felony second degree assault conviction involving domestic violence may be calculated under (c) using his misdemeanor

convictions designated as domestic violence offenses if they also were repetitive domestic violence offenses as defined in former RCW 9.94A.030(42). *See State v. Rodriguez*, 183 Wn. App. 947, 953-58, 335 P.3d 448 (2014), *review denied*, 182 Wn.2d 1022 (2015).

The superior court noted on Statovoy's felony judgment and sentence that domestic violence was pled and proved on count 1, second degree assault. The superior court also noted on his misdemeanor judgment and sentence that domestic violence was pled and proved on counts 2 and 3. These misdemeanors also fall within the definition of "repetitive domestic violence offenses" in former RCW 9.94A.030(42). The superior court thus calculated Statovoy's offender score for his felony conviction as 2 under former RCW 9.94A.525(21)(a). The issue presented by Statovoy's appeal is whether the offender score calculated on this basis violates the Sixth Amendment because individual special verdict forms were not used for each count involving domestic violence.

C.      Individualized Special Verdict Forms Are Not Required

The Sixth Amendment by its express terms guarantees a criminal defendant the right to an impartial jury. The jury serves as an intermediary between the State and a judge as an agent of the State, on the one hand, and the criminal defendant, on the other hand. *United States v. Gaudin*, 515 U.S. 506, 510-11, 115 S. Ct. 2310, 132 L. Ed. 2d 444 (1995). The right to a jury trial is a great bulwark of civil and political liberties. *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 2161, 186 L. Ed. 2d 314 (2013). It is not disputed in this appeal that the jury must make a finding supporting the domestic violence designation. The issue is whether that was properly done through the single special verdict form.

Statovoy cites *Apprendi*, 530 U.S. 466 and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), for the proposition that a single special verdict form provides an insufficient basis on which a sentencing court can properly construe the jury's findings. *Apprendi* and *Blakely*, however, dealt with which facts in sentencing must be proved to a jury beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490; *Blakely*, 542 U.S. at 301. They did not deal with the extent to which those facts could be proved through a single special verdict form.

In this case, the jury instructions, verdict forms, and special verdict forms clearly directed the jury through its task of deliberations. They also clearly imparted the jury's findings to the sentencing judge. The jury unanimously found that Statovoy was guilty beyond a reasonable doubt with regard to counts 1, 2, and 3: assault in the second degree, violation of a court order, and assault in the fourth degree. Jury instruction 25 stated: "If you find the defendant guilty of any of these crimes (Counts 1, 2 or 3), you will then use Special Verdict Form A and fill in the blank with the answer 'yes' or 'no' according to the decision you reach." CP at 116. Special verdict form A asked the jury whether Statovoy and Yermilova were members of the same family or household. Under RCW 10.99.020(3), "[f]amily or household members" includes *former spouses* and *persons who have a child in common* regardless of whether they have been married or have lived together at any time. Yermilova testified that Statovoy was her ex-husband of 18 years, and they had three children together. The jury unanimously agreed, beyond a reasonable doubt, that Statovoy and Yermilova were members of the same family or household. A jury is presumed to follow the court's instructions, *State v. Barry*, 183 Wn.2d 297,

306, 352 P.3d 161 (2015), and the record presents no indication that the jury did not grasp that special verdict form A applied to counts 1, 2, and 3.

Jury instruction 25 referenced each count involving domestic violence and stated, "If you find the defendant guilty of *any* of these crimes (Counts 1, 2 or 3), you will then use Special Verdict Form A." CP at 116. Special verdict form A, in turn, asked whether Statovoy and Yermilova were "members of the same family or household." CP at 124. It was phrased in this way because asking the same question, three separate times, whether Statovoy and Yermilova were members of the same family or household, would be redundant. The answer would not change depending on the underlying offense. Indeed, it would be absurd for a victim to be a member of the same family or household for the crime of assault in the second degree, but not for the crime of assault in the fourth degree. On these facts, a single finding that the parties were members of the same family or household was sufficient; Statovoy could not cease being Yermilova's former spouse (or the father of their children in common) because the jury did not fill out a separate form for each count.

Because domestic violence includes crimes committed by one family or household member against another, RCW 10.99.020, all that is required is a finding that the prescribed criminal conduct occurred and that it was committed between members of the same family or household. The jury's answer to the single special verdict form made this finding for each of the three counts.

The State argues further that the domestic violence designation is not a separate crime, which must be pled and proven. *See State v. Goodman*, 108 Wn. App. 355, 359, 30 P.3d 516 (2001), holding that "domestic violence is not a separate crime with elements that the State must

prove." *See also State v. O.P.*, which held that "'identify[ing] . . . criminal actions arising from acts of domestic violence' does not itself alter the elements of the underlying offense; rather, it signals the court that the law is to be equitably and vigorously enforced." 103 Wn. App. 889, 892, 13 P.3d 1111 (2000) (quoting RCW 10.99.040). Statovoy argues to the contrary that *Goodman* and *O.P.* are no longer good law, and the elements of domestic violence must be pled and proven under former RCW 9.94A.525(21).

Under *Goodman* and *O.P.*, *supra*, a domestic violence designation does not alter the elements of the underlying offense, and it is not a separate crime. However, for the designation to apply, the State must plead and prove that the parties involved are members of the same family or household. Former RCW 9.94A.525(21). Once this showing has been made, though, the domestic violence designation may be applied to each of the underlying offenses.

Finally, Statovoy argues that sentencing enhancements must be proved for each count. In support, he cites *State v. Mandanas*, 168 Wn.2d 84, 228 P.3d 13 (2010), holding that the superior court was statutorily required to impose multiple enhancements for a defendant who was convicted of multiple enhancement-eligible offenses that constituted same criminal conduct, *State v. Conover*, 183 Wn.2d 706, 355 P.3d 1093 (2015), holding that bus stop enhancement statute required enhancements to be run consecutively to base sentences for delivery of heroin, but not consecutively to each other, and *State v. Halgren*, 137 Wn.2d 340, 971 P.2d 512 (1999), holding the future dangerousness aggravating sentencing factor cannot be applied when determining whether to impose an exceptional sentence.

The domestic violence designation is not a sentencing enhancement under the SRA. The domestic violence designation increased Statovoy's offender score because his domestic violence

No. 49620-8-II

misdemeanor convictions were repetitive domestic violence offenses as defined in former RCW 9.94A.030(42). The cases cited above address sentencing enhancements, not other convictions or repetitive domestic violence offenses used to calculate an offender score. Therefore, Statovoy's reliance on these cases is misplaced, and his argument fails.

The superior court did not act as a fact finder. Rather it applied the jury's findings to the law, and the law clearly defines the crimes Statovoy committed against Yermilova as domestic violence. *See* RCW 10.99.020. The superior court properly calculated Statovoy's offender score taking into account his other convictions and repetitive domestic violence offenses. On these facts, the use of a single special verdict form did not violate the Sixth Amendment or *Apprendi* and *Blakely*.

## CONCLUSION

We affirm Statovoy's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, C.J.

BJORGEN, C.J.

We concur:

WORSWICK, J.

MELNICK, J.

9