# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58289-9-II |
| Respondent, | |
| v. | |
| DENNIS LEE MOWERY, JR., | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, A.C.J. — Dennis L. Mowery, Jr. appeals his sentence for rape of a child in the first degree, child molestation in the first degree, incest in the first degree, and incest in the second degree. First, he argues that the sentence imposed for incest in the first degree violated double jeopardy because it should have merged with his sentence for rape of a child in the first degree. Second, he argues that the sentence imposed for incest in the second degree violated double jeopardy because it should have merged with his sentence for child molestation in the first degree. Third, he argues that the mandatory victim penalty assessment (VPA) and deoxyribonucleic acid (DNA) collection fees should be stricken. He also argues that the discretionary domestic violence assessment fee should be stricken.

We disagree with Mowery that the imposition of sentences for two counts of incest violated double jeopardy; we therefore affirm his convictions. However, we agree with Mowery that the mandatory fees be stricken as Mowery was found to be indigent, and so we remand to the

sentencing court for the mandatory fees to be stricken. Additionally, we permit Mowery to move for reconsideration of the domestic violence assessment fee to the sentencing court on remand.

FACTS

I.   PLEADING

Mowery was charged with one count of rape of a child in the first degree, one count of child molestation in the first degree, one count of incest in the first degree, and one count of incest in the second degree. All involved the same victim. Both rape of a child in the first degree and child molestation in the first degree carried a domestic violence designation. Count I, rape of a child in the first degree, and count III, incest in the first degree, arose out of the same act involving penetration. Count II, child molestation in the first degree, and count IV, incest in the second degree, arose out of the same act involving sexual contact, albeit a different act than that addressed in counts I and III.

Mowery pled guilty to all counts.

II.   SENTENCING

The State acknowledged that the incest charges were based on the same criminal conduct as the rape of a child and child molestation charges. Mowery asserted that incest in the first degree merged into rape of a child in the first degree and that incest in the second degree merged into child molestation in the first degree.

The sentencing court found that counts I and III encompassed the same criminal conduct and counts II and IV encompassed the same criminal conduct and counted as one crime in determining Mowery's offender score. The court sentenced Mowery to (1) 150 months to life for count I, rape of a child in the first degree, (2) 89 months to life for count II, child molestation in the first degree, (3) 34 months with 36 months of community custody for count III, incest in the

first degree, (4) 20 months with 36 months of community custody for count IV, incest in the second degree. On counts I and II, the court also imposed lifetime community custody. The court ordered all four sentences to run concurrently with a total confinement period of 150 months. The court found Mowery was indigent, but imposed a $500 VPA fee, a $100 DNA collection fee, and a $100 domestic violence assessment fee as legal financial obligations (LFOs).

Mowery appeals his sentence.

## ANALYSIS

### I.    DOUBLE JEOPARDY

Mowery argues that his sentences for incest in the first degree and incest in the second degree must be stricken because they violate double jeopardy because the domestic violence designations on rape of a child in the first degree and child molestation in the first degree add a familial element to each, making them the same as both incest charges. We disagree.

#### A.    Standard of Review

We review claims of double jeopardy de novo. *State v. Jackman*, 156 Wn.2d 736, 746, 132 P.2d 136 (2006). The appellant may raise claims of double jeopardy for the first time on appeal. *Id.*

#### B.    Legal Principles

"The Fifth Amendment to the United States Constitution and article I, section 9 of the Washington Constitution protect a defendant against multiple punishments for the same offense." *State v. Sanford*, 15 Wn. App. 2d 748, 752, 477 P.3d 72 (2020). "No double jeopardy violation results when the information, instructions, testimony, and argument clearly demonstrate that the State was not seeking to impose multiple punishments for the same offense." *State v. Hayes*, 81

Wn. App. 425, 440, 914 P.2d 788 (1996); *State v. Mutch*, 171 Wn.2d 646, 664, 254 P.3d 803 (2011).

Our Supreme Court has followed four analytical steps to conclude whether the legislature intended cumulative punishment to be authorized: "(1) consideration of any express or implicit legislative intent, (2) application of the *Blockburger*[1] or 'same evidence' test, (3) application of the 'merger doctrine,' and (4) consideration of any independent purpose or effect that would allow punishment as a separate offense." *State v. Arndt*, 194 Wn.2d 784, 816, 453 P.3d 696 (2019) (quoting *State v. Freeman*, 153 Wn.2d 765, 771-73, 108 P.3d 753 (2005)). "[M]erger and same criminal conduct doctrines do not affect the underlying convictions' validity." *State v. Wilkins*, 200 Wn. App. 794, 806, 403 P.3d 890 (2017). When one of two convictions must be vacated for double jeopardy reasons, we strike the lesser conviction. *State v. Hughes*, 166 Wn.2d 675, 686 n 13, 212 P.3d 558 (2009).

The identification of a crime as being one of domestic violence "does not itself alter the elements of the underlying offense; rather, it signals [to] the court that the law is to be equitably and vigorously enforced." *State v. O.P.*, 103 Wn. App. 889, 892, 13 P.3d 1111 (2000).

C.      Domestic Violence Special Allegation Does Not Alter Elements

Relying on *Hughes*, Mowery argues that because of the domestic violence special allegation on count I, rape of a child in the first degree, and count II, child molestation in the first degree, his sentences for count III, incest in the first degree, and count IV, incest in the second degree, would constitute double jeopardy because counts I and III would have the same elements, and counts II and IV would have the same elements. 166 Wn.2d at 675.

---

[1] *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180. 76 L. Ed 306 (1932).

Mowery's reliance on *Hughes* is unavailing. In *Hughes*, the Supreme Court held that Hughes's convictions for rape and rape of a child violated double jeopardy because the legislature did not intend one act of sexual intercourse to violate both the rape and statutory rape provisions of our code. 166 Wn.2d at 685. *Hughes* does not stand for the proposition that adding a special allegation of domestic violence to rape of a child in the first degree or child molestation in the first degree causes the elements to be the same as for the crimes of incest. Indeed, the identification of a crime as being one of domestic violence "does not itself alter the elements of the underlying offense; rather, it signals [to] the court that the law is to be equitably and vigorously enforced." *O.P.*, 103 Wn. App. at 892. As further explained in *O.P.* and by the Domestic Violence Act, chapter 10.99 RCW, the purpose of the act was to enhance enforcement of the already adequate existing criminal statutes that provide protection for victims of domestic violence. *See* 103 Wn. App. at 892; RCW 10.99.010; LAWS OF 1979 ch. 105, § 1. Thus, the domestic violence special allegation does not add a new element to rape of a child in the first degree or to child molestation in the first degree.

Furthermore, Mowery's case is unlike *Hughes* because the statutes for Mowery's convictions are not the same in law under the *Blockburger* "same evidence" test. Additionally, the *Hughes* court was able to determine that the legislature intended that rape and statutory rape share the same legislative intent while we were unable to do so here for any of the crimes when considering any of the methods of determining legislative intent. Mowery's arguments fail.

Mowery also asserts that the sentencing court erred when entering a finding that the two incest counts were the same criminal conduct as rape of a child in the first degree and child molestation in the first degree. But as our Supreme Court recognized in *State v. Calle*, 125 Wn.2d 769, 781, 888 P.2d 155 (1995), the legislature validated the concept of multiple convictions arising

out of the same criminal act in what is now RCW 9.94A.589(1)(a). A finding of same criminal conduct does not necessarily compel a conclusion that the convictions violate the prohibition on double jeopardy. *Id.* at 781-82.

Moreover, merger and same criminal conduct doctrines do not affect the underlying convictions' validity. *Wilkins*, 200 Wn. App. at 806. Accordingly, we hold that Mowery's convictions do not violate double jeopardy.

III.   LFOs

Mowery argues that we should remand to the sentencing court to strike the VPA fee, DNA collection fee, and domestic violence assessment fee based on recent legislative changes. Effective July 1, 2023, RCW 7.68.035(4) prohibits courts from imposing the VPA fee on indigent defendants. *See State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048, *pet. for rev. filed*, 102378-2 (2023). The legislature also amended RCW 43.43.7541 to require waiver of a DNA collection fee imposed before July 1, 2023 upon the defendant's motion. RCW 43.43.7541(2). The State concedes that we should remand for the sentencing court to strike the aforementioned LFOs. We accept the State's concession and remand for the sentencing court to strike the aforementioned LFOs.

Regarding the domestic violence assessment fee, former RCW 10.99.080(1) (2015) states that the trial court may impose a domestic violence assessment on any adult offender convicted of a crime involving domestic violence. Recent amendments to this statute did not change this language. LAWS OF 2023, ch. 470, § 1003. The assessment fee is not mandatory. Sentencing courts "are encouraged to solicit input from the victim or representatives for the victim in assessing the ability of the convicted offender to pay the penalty," but are not required to do so. *See* RCW 10.99.080(5); LAWS OF 2015, ch. 275, § 14. Because there is no showing regarding the sentencing

court's decision to impose the domestic violence assessment fee, we permit Mowery to move for the trial court to reconsider that fee on remand.

## CONCLUSION

Accordingly, we affirm Mowery's sentences for rape of a child in the first degree, child molestation in the first degree, incest in the first degree, and incest in the second degree as these sentences do not violate double jeopardy. However, we remand to the sentencing court to strike the VPA and DNA fees, and reconsider the domestic violence assessment fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, J.
Veljacic, A.C.J.

We concur:

_____
Price, J.

_____
Che, J.